UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH RUSSELL,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM C. KILLIAN et al.,<br><br>    Defendants. | Case No. 3:22-cv-00574<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This action arises out of Defendant William C. Killian's now-terminated representation of pro se Plaintiff Deborah Russell in another action proceeding in this Court. (Doc. No. 1.) Russell has filed a complaint alleging that Killian and Defendants John C. Cavett, Barry L. Abbott, and their law firm Defendant Cavett, Abbott & Weiss, PLLC,[1] committed legal malpractice and violated other state and federal laws during the time that Killian served as Russell's lawyer. (*Id.*) The defendants have filed a motion to dismiss (Doc. No. 26) arguing, among other things, that this Court lacks subject-matter jurisdiction over Russell's claims and should dismiss her complaint under Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 27). Russell has responded in opposition (Doc. No. 33) and the defendants have filed a reply (Doc. No. 34). For the reasons that follow, the Magistrate Judge will recommend that the defendants' motion to dismiss be granted and that this action be dismissed for lack of subject-matter jurisdiction.

---

[1] Although Russell names the law firm Cavett, Abbott & Weiss, PLLC, in the caption of her complaint, she does not include it as a party in the body of the document. (Doc. No. 1.)

Russell has also filed motions for leave to file her complaint and an affidavit under seal (Doc. Nos. 2, 9), arguing that both documents contain information protected by the attorney-client privilege (Doc. Nos. 3, 10). The Magistrate Judge will recommend that Russell's motions to seal be denied.

I. **Factual and Procedural Background**

Russell, who resides in Davidson County, Tennessee, hired Killian, an attorney associated with the Chattanooga, Tennessee, law firm Cavett, Abbott & Weiss, to represent her in a case Russell filed in this Court. (Doc. No. 1.) Killian eventually withdrew from representation, and Russell filed the present action against Killian, Cavett, Abbott, and the law firm asserting violations of federal and state laws. (*Id.*) The federal claims Russell asserts include conspiracy and wire fraud under 18 U.S.C. §§ 241, 1343, and 1349, and deprivation of rights under 42 U.S.C. § 1983. (*Id.*) Russell also asserts that the defendants are liable for obstruction of justice. (*Id.*) Russell's state law claims include legal malpractice, sexual harassment, slander, defamation, conspiracy, and other fraud-based claims. (*Id.*)

The defendants filed a motion to strike portions of Russell's complaint under Federal Rule of Civil Procedure 12(f) (Doc. No. 20), then filed a motion to dismiss Russell's complaint under Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted (Doc. No. 26). Russell responded in opposition to both motions (Doc. Nos. 24, 33), and the defendants filed a reply in support of their motion to dismiss (Doc. No. 34).

Russell subsequently filed a motion for summary judgment (Doc. No. 35), which the defendants have moved to strike under Rule 12(f) (Doc. No. 39).

## II. Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[2] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). This type of jurisdiction is known as federal-question jurisdiction. Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the

---

[2] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816–17 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). District courts considering factual attacks to their jurisdiction have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

**III.     Analysis**

    **A.     Subject-Matter Jurisdiction**

The question of whether this Court has subject-matter jurisdiction to consider Russell's claims must be answered before any issue raised by the parties' other motions may be considered. *Steel Co.*, 523 U.S. at 94 ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'in flexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). The defendants argue that the Court lacks subject-matter jurisdiction because Russell's complaint does not assert any viable federal claim. (Doc. No. 27.) Specifically, the defendants argue that 18 U.S.C. §§ 241, 1343, and 1349 and the federal laws governing obstruction of justice are criminal statutes and do not create private rights of action that would invoke federal-question jurisdiction in a civil suit. (*Id.*) The defendants also argue that there is no basis for the Court to exercise diversity jurisdiction. In response, Russell argues that the defendants waived their dismissal arguments by failing to raise them in their motion to strike, that the defendants are acting with

unclean hands, and that she has the right to pursue civil claims arising from the defendants' allegedly criminal acts. (Doc. No. 33.) The defendants reply that a lack of subject-matter jurisdiction cannot be waived and that the Court has discretion to consider the defendants' other dismissal arguments even though they raised them after filing a motion to strike. (Doc. No. 34.)

The argument that an Article III court lacks subject-matter jurisdiction "can never be forfeited or waived" by a party because it relates to the court's "power to hear a case[.]" *Union Pac. R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 558 U.S. 67, 81 (2009) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the same reason, a court may address its own subject-matter jurisdiction "'sua sponte at any juncture'" in litigation, even if the parties do not raise it. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (quoting *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). The defendants have not waived their ability to raise the question of the Court's jurisdiction, and the Court cannot ignore its duty to address the question on its own initiative. Doing so, the Court finds no basis for its further consideration of this case.

First, Russell's complaint does not invoke federal-question jurisdiction. The laws governing conspiracy, wire fraud, and obstruction of justice on which Russell bases her nominally federal claims are criminal laws that do not create private causes of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that the Supreme Court has "been quite reluctant to infer a private right of action from a criminal prohibition alone" and "ha[s] not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions"); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (affirming district court's dismissal of claims under federal criminal statutes because the "statutes concern[ed] criminal, rather than civil, offenses" and "[t]hus a private cause of action

may not be brought for the alleged violations . . ."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming district court's dismissal of plaintiff's claim under 18 U.S.C. § 241 "because [plaintiff] ha[d] no private right of action under . . . [that] criminal statute[ ]"); *RJ Prod. Co. v. Nestle USA, Inc.*, Civ. Action No. 10-0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (finding that 18 U.S.C. §§ 1343 and 1349 are "criminal statutes [that] do not provide for private causes of action" and therefore "cannot be used to grant plaintiff access to federal courts"). Russell therefore "may not rely on the cited criminal statutes to confer jurisdiction on this [C]ourt." *Mohwish v. Gentry*, 156 F.3d 1231, 1998 WL 466567, at *2 (6th Cir. 1998) (unpublished table decision).

Russell's complaint also makes cursory reference to the federal civil rights statute, 42 U.S.C. § 1983. (Doc. No. 1.) Section 1983 provides a cause of action to anyone deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983. Taking the factual allegations in Russell's complaint as true, there is no basis on which to find that any of the defendants acted under color of state law for purposes of § 1983. Russell's reference to that statute therefore also does not confer federal-question jurisdiction on this Court.

Nor has Russell established a basis for exercise of the Court's diversity jurisdiction. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)). Russell's complaint alleges that she is a citizen and resident of Tennessee, that the three named individual defendants are citizens and residents of Tennessee and that the law firm maintains its office and conducts business in

Tennessee. (Doc. No. 1.) Because the parties are not from different states, the fundamental element of diversity jurisdiction is not met.

There is no basis for federal-question jurisdiction or diversity jurisdiction alleged in Russell's complaint, and the Court thus lacks subject-matter jurisdiction to hear this action. The Court should "announc[e] the fact and dismiss[] the cause" in full.[3] *Steel Co.*, 523 U.S. at 94. It need not, and cannot, consider any of the parties' other arguments regarding the merits of Russell's claims.

### B. Filings Under Seal

Before dismissing the action, however, the Court must address Russell's motion to file her complaint and an affidavit under seal. (Doc. Nos. 2, 9.) "The public has a strong interest in obtaining the information contained in the court record[,]" and there is "a 'strong presumption'" that court records be open. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). This presumption of openness rests on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to

---

[3] When an Article III court determines that it lacks subject-matter jurisdiction, it "must dismiss the complaint in its entirety," including any pendent state-law claims over which it might otherwise exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *Arbaugh*, 546 U.S. at 514.

be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp., Inc.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

While the attorney-client privilege will justify sealing court records in some circumstances, it is well established that clients "'may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure.'" *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) (quoting *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999)). Clients who file malpractice actions against their attorneys implicitly waive the attorney-client privilege. *See, e.g.*, *Koch v. Cox*, 489 F.3d 384, 389 (D.C. Cir. 2007) ("A client waives [the attorney-client] privilege when he puts the attorney-client relationship in issue—for example, by suing the attorney for malpractice or by claiming he relied upon the attorney's advice."); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("[A] client may waive the privilege as to certain communications with a lawyer by filing a malpractice action against the lawyer."); *Pinkard v. HCA Health Servs. of Tenn., Inc.*, 545 S.W.3d 443, 455–56 (Tenn. Ct. App. 2017) ("In the case of the attorney-client privilege, it is automatically waived when the client commences a legal malpractice action against the attorney."); *cf. Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, 893 (M.D. Tenn. 2010) (finding that "the [attorney-client] privilege may be implicitly waived when the [party] asserts a claim that in fairness requires examination of protected communications'" (quoting *Ross v. City of Memphis*, 423 F.3d 596, 605

(6th Cir. 2005))). The attorney-client communications described in Russell's complaint and affidavit are communications with Killian, Cavett, and Abbott and are the subject of the claims she asserts. (Doc. Nos. 1, 11.) By filing this action to raise malpractice claims against Killian, Cavett, Abbott, and Cavett, Abbott & Weiss, Russell has waived the attorney-client privilege with respect to those communications. Her motions to seal should therefore be denied.

IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Russell's motions to seal (Doc. Nos. 2, 9) be DENIED; the defendants' motion to dismiss (Doc. No. 26) be GRANTED; and that the action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 23rd day of November, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge