IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DEBORAH RUSSELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00574** |
| | ) | **Judge Aleta A. Trauger** |
| **WILLIAM C. KILLIAN et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

Before the court are *pro se* plaintiff Deborah Russell's Objections (Doc. No. 50) and supporting Memorandum (Doc. No. 51), opposing the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 45), which recommends that the defendants' Motion to Dismiss (Doc. No. 26) be granted and that this case be dismissed for lack of subject matter jurisdiction. The R&R also recommends that the plaintiff's motions for leave to file her complaint and an affidavit under seal (Doc. Nos. 2, 9) be denied. The defendants have filed a response (designated as a "Reply") to the Objections. (Doc. No. 60.)

In addition, at the same time she filed her Objections,[1] the plaintiff also filed a Motion for Leave to Amend & Supplement Complaint (Doc. No. 52) and a Motion for Leave to File Confidential Client-Privileged Communications and Protected Trade Secret Information Under Seal (Doc. No. 54), both supported by Memoranda of Law (Doc. Nos. 53, 55), her proposed sealed Amended Supplemented Complaint (Doc. No. 56), and a Corrected Amended Supplemented

[1] The plaintiff filed a timely request for an extension of her deadline for filing the Objections, due to a medical emergency (Doc. No. 46), which the court granted (Doc. No. 47).

Complaint (Doc. No. 58), to which are attached more than thirty pages of exhibits. These include the plaintiff's Affidavit, the Affidavit of Lisa O'Dell, what appear to be printed pages from the defendants' listings in Chattanooga's Top Rated Local® Legal Services, and a letter dated August 3, 2021 from John Cavett, on behalf of the Cavett, Abbot & Weiss, PLLC law firm, to the attorneys for the opposing parties in the related lawsuit, regarding those attorneys' Rule 11 Motion. (Doc. No. 58, at 30–67.) The defendants have filed Responses in opposition to the plaintiff's motions.

For the reasons set forth herein, the plaintiff's Objections to the R&R will be overruled, and the R&R will be accepted in its entirety. The defendants' Motion to Dismiss will be granted, and the plaintiff's Motion for Leave to Amend will be denied as futile. The plaintiff's various motions for leave to file under seal will all be denied, and this case will be dismissed without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The original Verified Complaint, filed on August 2, 2022 (Doc. No. 1), asserts claims against defendants William C. Killian, John C. Cavett, Barry L. Abbott, and the law firm Cavett, Abbott & Weiss, PLLC ("CAB"), based on defendant Killian's representation of plaintiff Deborah Russell in a related federal lawsuit also filed in this court ("related lawsuit").[2] The Complaint asserts that the plaintiff is a citizen of Davidson County, Tennessee, that the individual defendants all reside in Chattanooga, Tennessee, and that CAB is based in Chattanooga, Tennessee. (Doc. No. 1 ¶¶ 1–7.) The Complaint identifies 42 U.S.C. § 1983 as a basis for the court's exercise of jurisdiction and asserts that the defendants conspired to prevent Russell from "accessing fundamental due process," in violation of § 1983. (Doc. No. 1, at 4, 36.) Russell also asserts that the defendants engaged in wire fraud and conspiracy in violation of 18 U.S.C. § 1343, 1348, and

[2] This lawsuit is styled *Russell v. Tanner*, No. 3:20-cv-01028 (M.D. Tenn.).

241 (*id.* at 4), and that they engaged in a number of state law torts, including sexual harassment, slander and defamation, civil conspiracy under Tennessee common law, breach of fiduciary duty and duty of loyalty, legal malpractice, fraud, false advertising and deceptive business practices, fraudulent concealment and intentional misrepresentation (*id.* at 37). She seeks injunctive relief and damages in the amount of $600,000,000. (*Id.* at 38.) The Complaint was accompanied by a Motion to Seal and supporting Memorandum (Doc. Nos. 2, 3), seeking to seal the Complaint on the basis that it included "specific detailed client privileged communications between the Plaintiff and her former counsels and law firm of record." (Doc. No. 2, at 2.)

A few days after filing the Complaint, the plaintiff filed her August 8, 2022 Affidavit under seal (Doc. No. 11), along with another Motion for Leave to File under Seal and a separate (but redundant) Memorandum (Doc. Nos. 9, 10).[3] In these documents, the plaintiff asserts that her Affidavit contains "explicit language that evidence[s] the sexual harassment claims in [her] Complaint" and "specific detailed confidential privileged communications" that took place between her and her former attorneys. (Doc. No. 10, at 2.)

The defendants responded to the Complaint, initially, by filing a Motion to Strike under Rule 12(f). (Doc. No. 20, at 1.) Shortly thereafter, they filed their Motion to Dismiss and supporting Memorandum (Doc. Nos. 26, 27), arguing that the plaintiff's claims should be dismissed under Rule 12(b)(1), (2), (3), (5), and/or (6), for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted. The plaintiff then filed a Motion for Summary Judgment, and the defendants filed a Motion to Strike and Objections to the Motion for Summary Judgment.

---

[3] This is the same Affidavit as the one filed with her proposed Amended Complaint.

The R&R recommends that the Motion to Dismiss be granted on the basis that the court lacks subject matter jurisdiction over the claims. To reach that conclusion, the Magistrate Judge found, first, that the lack of subject matter jurisdiction is not waivable or forfeitable and, instead, is an issue the court has a continuing obligation to assess, even if the parties do not raise it. The Magistrate Judge determined as a matter of law that the Complaint did not establish the existence of federal question jurisdiction, because the federal laws cited by the plaintiff—18 U.S.C. §§ 241, 1343, and 1349—are criminal statutes that do not create private rights of action and, likewise, that the Complaint's cursory reference to § 1983 is not sufficient to confer federal question jurisdiction, because none of the defendants is alleged to be a state actor or to have acted under color of state law. The Magistrate Judge also determined that the plaintiff's allegations do not give rise to diversity jurisdiction, because the plaintiff and all of the defendants are citizens and residents of Tennessee. Because the Complaint did not allege a basis for federal question or diversity jurisdiction, the Magistrate Judge recommends dismissing the Complaint for lack of subject matter jurisdiction, without addressing the defendants' other arguments.

The R&R also addresses the first two Motions to Seal. The Magistrate Judge found that the plaintiff had not established good cause to overcome the strong presumption that judicial filings should be open to the public, largely because the plaintiff had waived attorney-client privilege by bringing legal malpractice claims against the attorneys with whom she had the subject communications. The Magistrate Judge, therefore, recommends that the Motions to Seal be denied.

The plaintiff's Objections are largely addressed to extraneous matters. Regarding the jurisdictional issue, she argues only that she should be accorded leave to amend her pleading and that her proposed Amended Complaint "specifically sets forth the federal statutes that specifically designate federal court as the proper jurisdiction for Plaintiff's claims." (Doc. No. 50, at 2.)

Regarding the recommendation that the Motions to Seal be denied, the plaintiff references a discovery conflict that was resolved in the context of the related case and documents that allegedly consist of trade secrets but were not among the documents filed in this case. She also claims that the "unsealing of Plaintiff's filings made under seal" would "directly provide[] the Defendants in the related case with a shocking windfall of information to which they would never be legally entitled by any other means." (Doc. No. 50, at 9–10.) It is unclear what documents she believes would even be relevant to the related filing.

In their Response to the Objections, the defendants correctly point out that the plaintiff's Objections fail to specify what findings of fact or conclusions of law in the R&R are actually erroneous or to provide any substantive argument as to how the court may properly exercise subject matter jurisdiction. They further argue that the subsequently filed Motion to Amend is not grounds for rejecting the R&R.

## II. STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings

and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. ANALYSIS

### A. Motion to Dismiss

The plaintiff's Objections to that portion of the R&R recommending dismissal of the Complaint are insufficiently specific to warrant review. The court, moreover, has reviewed the R&R and finds no error in the conclusion that the court lacks subject matter jurisdiction over the claims set forth in the original Complaint. The court, therefore, will accept the R&R and dismiss the original Complaint in its entirety for lack of subject matter jurisdiction.

The court further finds, in the alternative, that, even if the original Complaint had stated substantial, non-frivolous federal claims over which the court could properly exercise federal

question jurisdiction and that would, at the same time, support supplemental jurisdiction over the state law claims based on 28 U.S.C. § 1367(a), the federal claims would still be subject to dismissal under Rule 12(b)(6) for failure to state a claim for which relief may be granted, for the same reasons as those referenced by the Magistrate Judge. Specifically, the criminal statutes cited by the plaintiff do not create private rights of action, and the plaintiff fails to allege facts suggesting that any of the defendants is a state actor, for purposes of a claim under 42 U.S.C. § 1983. Because the federal claims would be subject to dismissal under Rule 12(b)(6), the court would decline to exercise supplemental jurisdiction over the state law claims, which would again result in dismissal of the case as a whole. *Accord Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." (citations omitted)); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." (quoting *Musson*, 89 F.3d at 1254–55)); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). For this reason as well, the court accepts the recommendation that the Motion to Dismiss be granted.

**B. Motions to Seal**

The plaintiff's Objections to the denial of her Motions to Seal (Doc. Nos. 2, 9) are similarly vague. The court, moreover, has examined the documents the plaintiff seeks to file under seal and finds no basis for sealing the documents. The documents the plaintiff seeks to file under seal do not contain any information that could remotely be characterized as trade secret or confidential information. Insofar as the plaintiff alleges that the defendants engaged in sexual harassment and legal malpractice, these allegations do not justify sealing the Complaint or the plaintiff's Affidavit.

As the Magistrate Judge recognized, "[t]he public has a strong interest in obtaining the information contained in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The plaintiff has not carried the burden of overcoming the "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown*, 710 F.2d at 1179).

The plaintiff's Objections to the Magistrate Judge's recommendation that the Motions to Seal (Doc. Nos. 2, 9) be denied will be overruled.

The court further finds that the Motion for Leave to File Confidential Client-Privileged Communications & Protected Trade Secret Information Under Seal (Doc. No. 54), filed with her Motion for Leave to Amend & Supplement the Complaint, is similarly without merit. Again, the documents the plaintiff filed do not contain any trade secrets and, as the Magistrate Judge concluded, to the extent the plaintiff's filings contain attorney-client communications, the plaintiff has waived the confidentiality of those communications.

## IV. MOTION TO AMEND

Finally, the court will also deny the plaintiff's Motion to Amend & Supplement Complaint. While Rule 15 provides that leave to amend a pleading should be "freely given when justice so requires" Fed. R. Civ. P. 15(a), a motion for leave to amend may be denied on the grounds of futility, "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005); *see also Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

In considering whether a pleading could survive a motion under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as

true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Id.* To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In this instance, the plaintiff attempts to state a claim under the federal Defend Trade Secrets Act ("DTSA"), which would confer federal jurisdiction over that claim and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367(a). The proposed Amended Complaint, however, fails to state a claim under the DTSA for which relief may be granted.

Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C § 1836(b)(1). In order to plead a claim under the DTSA, a plaintiff must allege that she "lawfully owned information of independent economic value that [she] took reasonable measures to keep secret, and that the defendant under consideration either acquired, disclosed, or used, improperly." *ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC*, 407 F. Supp. 3d 1186, 1197 (W.D. Okla. 2019) (citations omitted); *see also BNA Assocs., LLC v. Goldman Sachs Specialty Lending Grp., L.P.*, 602 F. Supp. 3d 1059, 1064

(M.D. Tenn. 2022) (Crenshaw, C.J.) ("To qualify as a trade secret . . . , information must . . . [d]erive[] independent economic value . . . from not being generally known to. . . persons who can obtain economic value from its disclosure or use[, and] it must be the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (internal quotation marks and citations omitted)).

The proposed Amended Complaint lacks any allegations remotely suggesting the nature of the trade secrets that were allegedly misappropriated. The plaintiff also fails to allege that the trade secrets were related to a product used or intended for use in interstate commerce. The court finds, therefore, that the proposed Amended Complaint fails to state a claim under the DTSA for which relief could be granted. Because the proposed Amended Complaint does not assert a viable federal claim, the court would decline to exercise supplemental jurisdiction over the state law claims, rendering the proposed amendment futile.

## V. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Objections (Doc. No. 50) to the R&R (Doc. No. 45) are **OVERRULED**. The court **ACCEPTS** the R&R in its entirety, as supplemented herein. The Motion to Dismiss (Doc. No. 26) is **GRANTED**, and the original Complaint is **DISMISSED** for lack of subject matter jurisdiction.

The Motions to Seal (Doc. Nos. 2, 9, 54) are **DENIED**.

The Motion for Leave to Amend & Supplement Complaint (Doc. No. 52) is **DENIED** as futile.

All other pending motions are **DENIED AS MOOT**.

This case is **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

This is the final Order in this action.

ALETA A. TRAUGER
United States District Judge